MEMORANDUM *
Petitioner Anna Shahinyan petitions for review of the Board of Immigration Appeals (“BIA”)’s order affirming the Immigration Judge (“IJ”)’s decision denying her application for asylum and withholding of removal. The IJ found that Shahinyan had not established her identity or the identities of her children.[1] He concluded that without proof of their identities, he could not make a credibility determination or adjudicate Shahinyan’s claims; he therefore denied her application. The BIA affirmed on the grounds that Shahinyan had failed to present objective evidence of her and her children’s identities or an inability to obtain authenticated copies of their birth certificates. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand to the BIA for further proceedings on an open record.
1. The IJ acted contrary to this court’s decision in Kalouma v. Gonzales, 512 F.3d 1073 (9th Cir.2008). In Kalouma, we held that an alien does not have a heightened burden to establish identity; thus, he can prove identity — like any other element of an asylum claim — through credible testimony alone. Id. at 1078-79. Here, however, the IJ declined to make an adverse credibility determination or adjudicate Shahinyan’s claims because he believed that he could not do so without non-testimonial proof of identity. This was legal error, and the BIA failed to correct the error.
2. The BIA also erred in concluding that Shahinyan failed to establish her identity and the identities of her children because she did not submit “objective evidence” of their identities. Under this circuit’s pre-REAL ID Act case law, the BIA cannot require corroborating evidence from a petitioner about whom the IJ has not made an adverse credibility determination. Singh v. Gonzales, 491 F.3d 1019, 1024 (9th Cir.2007), superseded by statute, REAL ID Act of 2005, Pub.L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305, as recognized in Singh v. Holder, 602 F.3d 982 (9th Cir.2010); Kataria v. I.N.S., 232 F.3d 1107, 1113-14 (9th Cir.2000). Since the IJ did not make an adverse credibility determination in this case, the BIA had two options: it could have remanded to the IJ for a proper credibility determination, or it could have accepted Shahinyan’s testimony as true. In the pre-REAL ID Act context, however, it was error for the BIA to require corroborating evidence of identity in the absence of an adverse credibility determination.
PETITION GRANTED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Petitioners Karo and Suzan Hairapetyan are the children of Anna Shahinyan and are therefore derivative beneficiaries of her asylum application.